# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>GUADALUPE MARIA MARTINEZ,<br><br>            Defendant. | Case No. 22-cr-00656-BAS-1<br><br>**ORDER DENYING MOTION TO DISMISS PENDING CASE**<br><br>**(ECF No. 56)** |

The Court sentenced Defendant Guadalupe Maria Martinez to forty-one months in custody. (ECF No. 55.) According to the Bureau of Prisons, her anticipated release date is December 25, 2024. Martinez now brings a self-represented Motion to Dismiss Pending Case (ECF No. 56). Martinez's short Motion appears to request that the Court reduce her sentence or order that she be placed in a "halfway house, and/or [receive] a gate pass" to make "her eligible for camp status." (*Id.*)

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Martinez provides no such reasons for the Court to reduce her sentence.

As for Martinez's request to be placed in a halfway house or minimum-security camp, she must direct this request to the Bureau of Prisons. "While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (quoting *United States v. Dragna,* 746 F.2d 457, 458 (9th Cir. 1984) (per curiam)).

Accordingly, the Court **DENIES** Martinez's Motion to Dismiss Pending Case (ECF No. 56).

**IT IS SO ORDERED.**

**DATED: April 10, 2023**

Hon. Cynthia Bashant
United States District Judge